# UNITED STATES BANKRUTPCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | § | CASE NO. 17-12216 |
| **Gregmann Bryant,** | § | |
| | § | CHAPTER 13 |
| **Debtor** | § | |
| | § | SECTION "B" |
| | § | |
| | § | |

## MOTION FOR RELIEF FROM STAY AS TO THE DEBTOR AND THE NON-FILING CO-DEBTOR AS TO THE PROPERTY LOCATED AT 105 SOUTHWOOD DR., GRETNA, LA 70056

NOW INTO COURT, through undersigned counsel, comes Wells Fargo Bank, N.A. ("Movant"), who, pursuant to 11 U.S.C. §§ 361, 362, 363 and Bankruptcy Rules 4001, 6007, requests an order conditioning, modifying, or dissolving the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2.

By filing the Motion for Relief and the exhibits attached thereto in the above-captioned matter, Movant does not waive any objection it now has or later may assert to the Debtor's Plan, and/or any amendments thereto, and does not waive, moot or otherwise affect adversely its currently pending appeals: (a) in *In re: Dorothy Chase Stewart*, Bankruptcy Case No. 07-11113, United States Bankruptcy Court, Eastern District of Louisiana, Section "A" (*"In re: Stewart"*); (b) in *In re: Irby Fitch / Brittany Fitch*, Bankruptcy Case No. 07-11319, United States Bankruptcy Court, Eastern District of Louisiana, Section "A" (*"In re: Fitch"*); (c) of Administrative Order 2008-2 in both In re: Stewart and In re: Fitch; (d) in *In re: Michael L. Jones*, Bankruptcy Case no. 06-01093, United States Bankruptcy Court, Eastern District of

Louisiana, Section "A" *("In re: Jones")*; and/or (e) of Administrative Order 2008-1 ("AO 2008-1").

3.

Movant further reserves the right to amend and/or supplement the Motion for Relief and the exhibits attached thereto should same be necessary and/or appropriate based on newly discovered facts and/or any change of factual or legal circumstances upon which the Motion for Relief and the exhibits attached thereto are based including, without limitation, the appeals referred to above.

4.

To the best of its current knowledge, information and belief, Movant asserts that the status of the Debtor's loan account, pursuant to the terms of the loan documents described below and attached hereto, and pursuant to applicable law, is as set forth below.

5.

Movant is the entity entitled to enforce a note and mortgage, described in particular below.

6.

On August 22, 2017, Gregmann Bryant (hereinafter referred to as "Debtor") filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. Movant is listed as a secured creditor under the terms of the Debtor's Plan. On February 23, 2001, Debtor Gregmann Bryant and Joni S Bryant (non-filing co-debtor) obtained a loan in the amount of $125,000.00. Such loan is evidenced by a promissory note or other writing dated February 23, 2001 (the "Note"), a copy of which is attached hereto and made a part hereof as Exhibit A.

7.

Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly

or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

8.

To secure payment of the Note and performance of the other terms contained in it, the Debtor Gregmann Bryant and Joni S Bryant (non-filing co-debtor) executed a Mortgage dated February 23, 2001 (the "Mortgage") a copy of which is attached hereto and made a part hereof as Exhibit C. The Mortgage granted a lien on the property owned by the Debtor, generally described as 105 Southwood Dr, Gretna, LA, 70056 and more fully described as follows:

> LOT 39, SQUARE 2, SOUTHWOOD WEST SUBDIVISION, EXTENSION NO. 2, JEFFERSON PARISH, LOUISIANA

9.

The lien created by the Mortgage was duly perfected by the filing of the Mortgage in the office of the Jefferson Parish Recorder on March 05, 2001, at Instrument Number 10109927 MB 3992 169.

10.

The Note and Mortgage were transferred as follows:

Note was made payable to First Union National Bank of Delaware. On April 1, 2002, First National Bank of Delaware changed its name to Wachovia Bank of Delaware, National Association. On march 20, 2010, Wachovia Bank, National Association, Wilmington, Delaware merged with Wells Fargo Bank, N.A. Wells Fargo Bank, N.A. Successor by merger for Wachovia Bank of Delaware, N.A. endorsed the note in blank.

11.

The Value of the Collateral is $125,000.00. The valuation is based on the Debtor's Schedules.

12.

Under the terms of the Note, Debtor was required to pay equal monthly payments of principal and interest beginning on March 28, 2001 and continuing monthly thereafter. As of

June 12, 2018, the Debtor has failed to make the post-petition payments due for March 28, 2018 through April 28, 2018 in the amount of $1,421.78 each, and May 28, 2018, in the amount of $1,312.11, less unapplied funds of $31.10.

13.

As of June 12, 2018, there is currently due and owing on the Note the outstanding balance of $164,210.71, plus interest accruing at a rate of 9.780%.

| | |
|---|---|
| Principal Balance | $102,979.85 |
| Interest | $28,977.35 |
| (calculated at the rate of 9.780%): | |
| Foreclosure Fees and Costs | $535.00 |
| Escrow Advance Balance | $33,956.72 |
| Suspense Balance | -$2,238.21 |

14.

Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2) for these reasons:

Debtor has failed to make periodic payments to Movant since the commencement of this bankruptcy case, which totals $4,124.57 as of June 12, 2018.

15.

Movant attaches an Affidavit in support of this Motion as Exhibit B.

16.

For the foregoing reasons, Movant requests that the automatic stay in this case be lifted insofar as the property described in Paragraph (8) hereof is affected thereby.

WHEREFORE, MOVANT PRAYS that after all delays have elapsed and proceedings are had, this Honorable Court enter an order terminating the automatic stay provided for by 11 U.S.C. 362(a) as to the estate of the Debtor and non-filing co-debtor so to allow Movant to enforce any and all rights it has in respect to the property described in Paragraph (8) herein via state court foreclosure proceedings or otherwise.

MOVANT FURTHER PRAYS:

(I) that the automatic stay in this case be lifted insofar as the property described in Paragraph (8) hereof is affected thereby;

(II) that it be relieved from the provisions of Bankruptcy Rule 3002.1(b) and (c) requiring Creditor to supplement its proof of claim with notices regarding future payment changes and post-petition fees and costs;

(III) that any order of relief entered directs the Trustee to not make any further payments on the secured claim after entry of the order;

(IV) that the right to file an amended unsecured claim for any deficiency is reserved;

(V) that it be permitted to contact the Debtor and/or Debtor's Counsel for the purpose of engaging in discussions and consideration of loss mitigation options, solutions and/or resolutions including, but not limited to, a loan modification or other loss mitigation alternatives;

(VI) that any order remain in effect regardless of conversion to another Chapter.

Respectfully submitted,

/S/ Jason R. Smith
ATTORNEY FOR CREDITOR
Dean Morris, L.L.C.
1820 Avenue of America
P. O. Box 15270
Monroe, LA 71207-5270
318-388-1440